UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Plaintiff,

v.                                      Case No.:  2:23-cv-342-SPC-KCD

JEFFREY LAMPILA and SIESTA
PEBBLE, INC.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

Before the Court is Plaintiff State Farm Mutual Automobile Insurance Company's Motion for Entry of Default Final Declaratory Judgment. (Doc. 16.)[1] In the complaint, State Farm claims it does not have a duty to defend or indemnify its insured, Siesta Pebble, Inc., in connection with an underlying tort case filed by Jeffrey Lampila. (Doc. 1.) A clerk's default was entered against Defendants (Docs. 12, 13) because they failed to answer despite having been served (Docs. 6, 7). Defendants also failed to respond to the pending motion, and the response time has lapsed. For the reasons below, State Farm's motion should be granted.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

Siesta Pebble is a swimming-pool contractor. Its company vehicles are insured by State Farm under a commercial automobile-insurance policy ("Policy"). In 2022, Lampila sued Siesta Pebble. According to the complaint, Lampila slipped on "hydraulic oil" that had spilled from a Siesta Pebble truck. He alleges that Siesta Pebble's failure to maintain the truck and keep it in a reasonably safe condition caused the accident.

State Farm alleges that the fluid leaked from the concrete mixer and/or pump permanently mounted to the truck, not from the truck itself. (Doc. 1 at ¶ 21.) And Siesta Pebble has admitted as much. (Doc. 1 at ¶ 22.) Thus, State Farm invoked a mounted-equipment exclusion in the Policy:

> (1) THERE IS NO COVERAGE FOR AN ***INSURED*** FOR DAMAGES ARISING OUT OF THE OPERATION, MAINTENANCE, OR USE OF ANY EQUIPMENT THAT IS TOWED BY, MOUNTED ON, OR CARRIED ON ANY VEHICLE.
>
> This exclusion does not apply to equipment:
>
> (a) mounted on the vehicle and designed solely for the loading or unloading of the vehicle; or
>
> (b) designed for:
>
>     (i) snow removal;
>
>     (ii) street cleaning; or
>
>     (iii) road maintenance, other than construction or resurfacing.

(Doc. 1-1 at 67) (emphasis in original).

State Farm initiated this case against Siesta Pebble and Lampila seeking declaratory relief under 28 U.S.C. § 2201. (Doc. 1.) State Farm invokes the mounted-equipment exclusion, asking the Court to declare that State Farm is not obligated to defend and/or indemnify Siesta Pebble in the underlying lawsuit. (Doc. 1.) Despite having been served, both Defendants failed to file an answer or otherwise appear this action, and the Clerk has entered defaults against both. (Docs. 12, 13.)

## II. Legal Standard

The Court may enter a default judgment against a party who was properly served but failed to appear or respond. Fed. R. Civ. P. 55(b)(2). "[D]efault judgments are appropriate in declaratory judgment actions relating to insurance coverage." *See Progressive Mountain Ins. Co. v. Mobile Maint. on the Go, LLLP*, No. 1:20-CV-01665-JPB, 2022 WL 1714859, at *2 (N.D. Ga. Feb. 10, 2022).

But entry of a default judgment is warranted only when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In other words, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). A complaint meets this bar when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Finally, a

3

defendant's default admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### III. Discussion

#### A. Jurisdiction

Essential to a valid claim is jurisdiction. The Declaratory Judgment Act, 28 U.S.C. § 2201, does not confer jurisdiction on its own. *California v. Texas*, 141 S. Ct. 2104, 2115 (2021); *GTE Directories Pub. Corp. v. Trimen Am., Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995). So State Farm invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at 1.) Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

The parties are diverse. State Farm is an Illinois corporation with its principal place of business in Illinois. (Doc. 1 at 1.) Siesta Pebble and Lampila are citizens of Florida. (Doc. 1 at 2.) As for the amount in controversy, "[w]hen a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). State Farm alleges that "Lampila seeks to recover more

4

than $75,000, exclusive of interest, costs, and attorney's fees." (Doc. 1 at 2.) Thus, the amount in controversy is also satisfied.

One last jurisdictional issue. Default judgment is only appropriate against "a properly served defendant." *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 2:17-CV-403-FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018). Here, service was made on Lampila personally (Doc. 6), so he was properly served. *See* Fla. Stat § 48.031(1)(a). And service was made on Siesta Pebble through its registered agent (Doc. 7), which is also proper. *See id.* § 48.081(2).

### B. Declaratory Judgment

Since Siesta Pebble and Lampila are in default (Doc. 12, 13), the Court must determine whether the well-pleaded factual allegations support State Farm's claim for declaratory judgment. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). State Farm seeks the same declaratory relief as demanded in the pleadings. (Doc. 1.) Therefore, State Farm's request does not violate Rule 54(c).

Of note, Lampila is neither an infant nor incompetent. *See* Fed. R. Civ. P. 55(b)(2). (Doc. 11-1.) And he is not a person in the military or otherwise exempt from default judgment under the Servicemembers Civil Relief Act, 50 U.S.C. § 501 *et seq.* (Doc. 11-2.) Thus, Lampila is not disqualified from having a judgment entered against him.

5

Under Florida law, an insurer's duty to defend "is governed by the terms of the policy and the allegations of the complaint [against the insured]." *Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1311 (M.D. Fla. 2011). If "the allegations in the complaint alleging a claim against the insured either are acts not covered by the policy or are excluded from the policy's coverage, the insurer is not obligated to defend or indemnify the insured." *Transcon. Ins. Co. v. Ice Sys. of Am., Inc.*, 847 F. Supp. 947, 949-50 (M.D. Fla. 1994). "It is well settled that an insurer's duty to defend its insured against a legal action arises when the complaint alleges facts that fairly and potentially bring the suit within policy coverage." *Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 442-43 (Fla. 2005).

The Policy explicitly excludes coverage for any claim or suit alleging liability "arising out of the operation, maintenance, or use of any equipment that is . . . mounted on . . . any vehicle." (Doc. 1-1 at 67.) By defaulting, Defendants have admitted that the leak came from the pump and/or mixer permanently mounted onto the truck, not from the truck itself. (Doc. 1 at ¶ 21.) Thus, State Farm has pleaded plausible facts showing it is entitled to declaratory judgment against Defendants. As a result, the Court should find an adequate basis in the pleadings for a declaratory judgment by default. *See Am. Gen. Life Ins. Co. v. Useche*, No. 21-CV-21517, 2021 WL 2184874, at *3

6

(S.D. Fla. May 28, 2021) (granting default judgment for insurer bringing declaratory relief action against non-appearing defendant).

Considering the above, there is no duty to defend Siesta Pebble against the claim brought by Lampila. As the duty to defend is broader than the duty to indemnify, it follows that where there is no duty to defend, there is also no duty to indemnify. *Nova Cas. Co. v. Waserstein*, 424 F. Supp. 2d 1325, 1331 (S.D. Fla. 2006).

## IV. Recommendation

The Motion for Default Judgment (Doc. 16) should be **GRANTED**, with the Clerk directed to enter a default judgment against Defendants Siesta Pebble and Jeffrey Lampila, declaring:

a. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is not obligated by Policy Number G87 1967-E15-59A to defend SIESTA PEBBLE, INC. against the action brought against it by JEFFREY LAMPILA in the Twentieth Judicial Circuit in and for Lee County, Florida, bearing Case No. 22-CA-003235; and

b. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is not obligated by Policy Number G87 1967-E15-59A to indemnify SIESTA PEBBLE, INC. for any liability it may be held to have to JEFFREY LAMPILA arising from the lawsuit he filed in the

Twentieth Judicial Circuit in and for Lee County, Florida, bearing Case No. 22-CA-003235.

**ENTERED** in Fort Myers, Florida on August 28, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.